## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JEFFREY SCOTT MOTICHEK,**　　　　　　　　　**CIVIL ACTION**
　　**Plaintiff**

**VERSUS**　　　　　　　　　　　　　　　　　**NO.  21-988**

**STARR INDEMNITY & LIABILITY**　　　　　　**SECTION: "E" (4)**
**COMPANY, ET AL.,**
　　**Defendants**

## ORDER AND REASONS

Before the Court is a motion for summary judgment filed by Starr Indemnity &

Liability Company, the Estate of Omar El-Aazami through its Administrator Adam Ziad

El-Aazami (referred to as "the Estate of the Pilot" or "Estate"), and Prop Flying, LLC

("Prop Flying") (collectively, "Defendants").[1] Jeffrey Scott Motichek, as the natural tutor

of his minor children K.E.M. and M.C.M., ("Plaintiff") opposes Defendants' motion.[2]

Defendants filed a reply in support.[3]

## BACKGROUND

This case arises from the October 16, 2020, crash of a Cessna T182T airplane

("aircraft") piloted by Omar El-Aazami ("pilot") and owned by Defendant Prop Flying.

The pilot and passenger, Jan Villemarette, were fatally injured.[4] Plaintiff is the father of

Jan Villemarette's two minor children, K.E.M. and M.C.M.[5] As such, Plaintiff, as the

natural tutor of his minor children, brings the instant negligence action under Louisiana

---

[1] R. Doc. 23.
[2] R. Doc. 29.
[3] R. Doc. 32.
[4] R. Doc. 28 at ¶¶ 1-2; R. Doc. 29-1 at ¶¶ 1-2.
[5] R. Doc. 28 at ¶ 8; R. Doc. 29-1 at ¶ 8.

law against the Estate of the Pilot, Prop Flying as the owner of the aircraft, and Starr Indemnity & Liability Company as the insurer.[6]

A review of Plaintiff's state court petition reveals he brings specific claims of negligence against the pilot, through his Estate, for (1) failing to properly maintain the plane, (2) failing to undergo proper training, (3) failing to ensure he was medically fit to pilot the plane, (4) failing to ensure the safety of his passenger, and (5) any other acts of negligence.[7]

Plaintiff brings claims of negligence against Defendant Prop Flying for (1) failing to properly maintain the plane and (2) any other acts of negligence.[8] Plaintiff also asserts a claim against Starr Indemnity & Liability Company based on allegations that it insured Prop Flying and the pilot.[9]

Plaintiff originally filed suit in Terrebonne Parish's 32nd Judicial District Court on April 21, 2021.[10] Defendants timely removed the case from state court on May 21, 2021,[11] the basis being this Court's diversity jurisdiction under 18 U.S.C. § 1332(a).[12] On May 27, 2021, Defendants filed an answer.[13] The instant motion for summary judgment was filed

---

[6] R. Doc. 28 at ¶¶ 8-11; R. Doc. 29-1 at ¶¶ 8-11.

[7] R. Doc. 1-2 at p. 7, ¶ 12.

[8] *Id.*

[9] "At all material times herein, the aircraft owned by Defendant, Prop Flying, LLC and operated by Omar El Aazami, was insured by a policy of insurance by Defendant, Starr Indemnity & Liability Company, said policy including a Pilot Warranty Endorsement specifically naming Omar . . . thus rendering the said defendant, liable unto Plaintiff for all damages prayed for herein." R. Doc. 1-2 at p. 7, ¶ 13. Defendants deny the policy included coverage for the pilot. R. Doc. 4 at p. 3, ¶ 13. Defendant Starr Indemnity has no liability unless one of its insureds has legal liability. *See Crown Zellerbach Corp. v. Ingram Indus., Inc.*, 783 F.2d 1296, 1301 (5th Cir. 1986); *see also Zeno v. ADM Mill. Co.*, No. CIV.A. 06-4326, 2008 WL 4974876, at *2 (E.D. La. Nov. 20, 2008) (Duval, J.).

[10] R. Doc. 1-2; *see also* R. Doc. 28 at ¶ 8; R. Doc. 29-1 at ¶ 8.

[11] R. Doc. 1; *see also* R. Doc. 28 at ¶ 8; R. Doc. 29-1 at ¶ 8.

[12] R. Doc. 1.

[13] R. Doc. 4.

by all Defendants on June 7, 2022.[14] Plaintiff filed an opposition on June 23, 2022.[15] Defendants filed a reply on July 1, 2022.[16]

## LEGAL STANDARDS

### I.   Motion for Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[17] "An issue is material if its resolution could affect the outcome of the action."[18] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[19] All reasonable inferences are drawn in favor of the non-moving party.[20] While all reasonable inferences must be drawn in favor of the non-moving party, the non-moving party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[21] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party, thus entitling the moving party to judgment as a matter of law.[22]

---

[14] R. Doc. 23.

[15] R. Doc. 29.

[16] R. Doc. 32.

[17] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

[18] *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).

[19] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150–51 (2000).

[20] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[21] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[22] *Hibernia Nat. Bank v. Carner*, 997 F.2d 94, 98 (5th Cir. 1993) (citing *Amoco Prod. Co. v. Horwell Energy, Inc.*, 969 F.2d 146, 147–48 (5th Cir. 1992)).

"Although the substance or content of the evidence submitted to support or dispute a fact on summary judgment must be admissible . . . the material fact may be presented in a form that would not, in itself, be admissible at trial."[23]

"[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."[24]  To satisfy Rule 56's burden of production, the moving party must do one of two things: "the moving party may submit affirmative evidence that negates an essential element of the nonmoving party's claim" or "the moving party may demonstrate to the Court that the nonmoving party's evidence is insufficient to establish an essential element of the nonmoving party's claim."[25] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the non-moving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[26]

If the dispositive issue is one on which the non-moving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the non-movant's claim, or (2) affirmatively demonstrating that there is no evidence in the record to establish an essential element of the non-movant's claim.[27] If the movant fails to

---

[23] *Lee v. Offshore Logistical & Transp., L.L.C.*, 859 F.3d 353, 355 (5th Cir. 2017) (citations omitted).
[24] *Celotex*, 477 U.S. at 323.
[25] *Id.* at 331.
[26] *Id.* at 322–24.
[27] *Id.* at 331–32 (Brennan, J., dissenting).

affirmatively show the absence of evidence in the record, its motion for summary judgment must be denied.[28] Thus, the non-moving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[29] "[U]nsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his or her claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[30]

## II.   *Res Ipsa Loquitur* Standard

The Defendants' motion for summary judgment argues Plaintiff—after a year of discovery—is unable to establish the elements of negligence against Defendants, and that the evidentiary doctrine of *res ipsa loquitur*[31] does not apply to this case.[32] Plaintiff seeks to defeat summary judgment by relying on the doctrine of *res ipsa loquitur*.[33] *Res ipsa loquitur* is a rule of circumstantial evidence that allows a jury to infer negligence on the

---

[28] *See id.* at 332.

[29] *Id.* at 332–33. The burden would then shift back to the movant to demonstrate the inadequacy of the evidence relied upon by the non-movant. Once attacked, "the burden of production shifts to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." *Id.* at 332–33, 333 n.3.

[30] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Celotex*, 477 U.S. at 324; *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) and quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

[31] For ease, the Court may refer to the doctrine of *res ipsa loquitur* as *res ipsa*.

[32] R. Doc. 23.

[33] R. Doc. 29 at p. 1.

part of a defendant because the facts of the case indicate the negligence of the defendant is the probable cause of the accident.[34]

At the outset, because the parties invoke this Court's subject matter jurisdiction on the basis of the existence of diversity of citizenship between the parties,[35] the Court must determine whether to apply state or federal law. "Where federal jurisdiction, as here, is based on diversity, [the Court] applies the substantive law of the forum state—[Louisiana]."[36] "While state substantive law of *res ipsa loquitur* applies in a diversity case, [the Fifth Circuit] has indicated that [courts should] apply federal law to test the sufficiency of the evidence to justify the *res ipsa loquitur* charge." [37]

Under federal law, "a trial judge can appropriately give the *res ipsa loquitur* charge if the evidence affords a rational basis upon which the jury can conclude that the elements of the doctrine under state substantive law are present."[38]  Under Louisiana law, a plaintiff must prove the existence of the *res ipsa* elements by a preponderance of the evidence.[39] "Since this state rule conflicts with the federal test, this Court will no longer rely solely on state law to determine the applicability of *res ipsa loquitur*. . . . The [test used under Louisiana law] in deciding whether the doctrine applies is still relevant; the only thing that has changed is the quantum of proof necessary."[40]

The Louisiana Supreme Court's decision in *Linnear v. CenterPoint Energy/Entex Reliant Energy* provides "a complete dissertation on the [*res ipsa*] doctrine as it currently

---

[34] *Linnear v. Centerpoint Energy Entex/Reliant Energy*, 966 So. 2d 36, 41 (La. 2007). Defendants point out in their reply that Plaintiff did not plead the doctrine of *res ipsa* in his petition. Because *res ipsa* is regarded as a rule of evidence, it need not be pleaded as a separate cause of action.
[35] R. Doc. 1.
[36] *Pearson v. BP Products North America, Inc.*, 449 Fed. Appx. 389, 390 (5th Cir. 2011).
[37] *Kicklighter v. Nails by Janee, Inc., et al.*, 616 F.2d 734, 740 (5th Cir. 1980).
[38] *Id.*
[39] *Linnear*, 966 So. 2d at 42.
[40] *Helene Curtis Industries, Inc. v. Pruitt*, 385 F.2d 841, 854 (5th Cir. 1968).

stands in" Louisiana.[41] According to *Linnear*, there are four elements that must exist for *res ipsa* to apply.[42] First, there must be no direct—as opposed to circumstantial—evidence available to explain the accident.[43] Second, the accident must be the kind that does not ordinarily occur in the absence of negligence.[44] This requirement is meant to weed out cases involving run-of-the-mill accidents or injuries that often occur in the absence of negligence.[45] The Louisiana Supreme Court has explained "the event must be such that in light of ordinary experience it gives rise to an inference that someone must have been negligent."[46] It is said, then, that the second element is a common sense inquiry.[47] Third, the evidence must "sufficiently exclude" an inference of the plaintiff's own responsibility or the responsibility of others, besides the defendant, in causing the accident.[48] Every possible alternative cause of the injury need not be totally excluded for *res ipsa* to apply; instead, the likelihood of other causes must be sufficiently reduced so the factfinder may reasonably conclude that the fault, if any, is attributable to the party against whom the doctrine is employed.[49] Moreover, before they need be excluded, the other possible cause(s) of the accident must be equally or more plausibly the cause of the accident as compared to the defendant's negligence.[50] As to this element, the Louisiana Supreme Court has determined that unless "the facts and inferences point so strongly and

---

[41] 12 LA. CIV. L. TREATISE, Tort Law § 6.4 n.5 (2d ed.).

[42] As such, the doctrine is applied sparingly. *Robertson v. Chevron USA, Inc.*, 2017 WL 679406 *9 (E.D. La. 2/21/2017) (citing *Spott v. Otis Elevator Co.*, 601 So. 2d 1355, 1362 (La. 1992).

[43] *Linnear*, 966 So.2d at 42.

[44] *Id.*

[45] *Cangelosi v. Our Lady of the Lake Regional Medical Center, et al.*, 564 So.2d at 654, 666 (La. 1989).

[46] *Id.*

[47] *Id.*

[48] *Linnear*, 966 So.2d at 42; *see also Cangelosi*, 564 So.2d at 666.

[49] *Cangelosi*, 564 So.2d at 666.

[50] *Spott*, 590 So.2d 580 (plaintiffs were injured by the jerkiness of an elevator while loading pallets of paper; the court held plaintiffs' own negligence was equally or more plausibly the cause of the accident).

overwhelmingly" in the defendant's favor, the finder of fact should determine whether the *res ipsa* inference is proper.[51] Fourth, the negligence of the defendant must fall within the scope of his duty to the plaintiff.[52] If reasonable minds could differ as to the outcome of elements two through four, the element is deemed satisfied under Louisiana law, "and it is the function of the jury to decide whether to draw the inference or not."[53] "[I]f the trial judge finds that reasonable minds could only find that a particular requirement has been met, which is stronger than finding that reasonable minds could differ, then of course that requirement is met and the trial judge moves on to analyze the next requirement."[54]

When a court finds the elements of *res ipsa* are satisfied, the result is a jury instruction allowing for a permissive inference[55]—as opposed to a presumption[56]—of the defendant's negligence, meaning that the jury may or may not infer a breach of the defendant's duty based on the evidence presented at trial.[57] "[A]pplication of *res ipsa loquitur* simply permits, but does not ordinarily compel, the inference of negligence on the part of the defendant."[58] Summary judgment is an appropriate method to dispose of a *res ipsa loquitur* claim only if the moving party clearly establishes that there is no genuine dispute as to any material fact controlling the application of the doctrine.[59] This is because "[t]he doctrine is not a substitute for factual evidence; it is applied after the

---

[51] *Cangelosi*, 564 So.2d at 666-67; *see also Linnear*, 966 So.2d at 44 n.5 (explaining that if the facts and inferences point so strongly and overwhelmingly in favor of the defendant on the elements of *res ipsa*, the instruction should not be given).

[52] *Linnear*, 966 So.2d at 42.

[53] *Id.*; *see also Cangelosi*, 564 So.2d at 666-67.

[54] *Linnear*, 966 So.2d at 44 n.5.

[55] "An 'inference' is a conclusion that an evidentiary fact exists based on the establishment of a predicate act." La. Code Evid. Ann. Art 302(4).

[56] "A 'presumption' is an inferenced created by legislation that the trier of fact must draw if it finds the existence of the predicate fact unless the trier of fact is persuaded by evidence of the nonexistence of the fact to be inferred." La. Code Evid. Ann. 302(3).

[57] *Cangelosi*, 564 So.2d at 668.

[58] *Fruge v. Penrod Drilling Co.*, 918 F.2d 1163, 1167 (5th Cir. 1990).

[59] *Sanders v. Nehi Bottling Co.*, 30 F.Supp. 332 (N.D.Tex.1939).

factual evidence has been submitted, and then only if there is sufficient circumstantial evidence to suggest that the only reasonable cause of the plaintiff's injury is the defendant's breach of the standard of care."[60]

## FACTS

### I.    Undisputed Facts

The following facts are undisputed. On October 16, 2020, Omar El-Aazami piloted a Cessna T182T airplane owned by Defendant Prop Flying.[61] Jan Villemarette was a passenger. The aircraft departed from the Houma-Terrebonne Airport at approximately 11:09 a.m.[62]

Shortly after reaching cruising altitude, personnel at the Houma-Terrebonne Airport reported hearing an "open mic" with heavy, rapid breathing on the tower frequency for approximately 60 seconds before the mic stopped transmitting.[63] The wreckage of the aircraft was eventually located southwest of the Houma-Terrebonne Airport in marshy terrain,[64] with the pilot and Jan Villemarette sustaining fatal injuries.[65]

Plaintiff's opposition to the instant motion[66] objects to Defendants' reliance on the National Transportation Safety Board Aviation Accident Preliminary Report ("NTSB Report") as summary judgment evidence, but otherwise admits to all facts listed by Defendants.[67] The Court need not decide whether the NTSB Report is summary judgment evidence to resolve the instant motion because Defendants also accept as true certain

---

[60] *Gisclair v. Bonneval*, 2004-2474 (La. App. 1 Cir. 12/22/05), 928 So.2d 39, 45.
[61] R. Doc. 28 at ¶¶ 1-2; R. Doc. 29-1 at ¶¶ 1-2.
[62] R. Doc. 28 at ¶ 3; R. Doc. 29-1 at ¶ 3.
[63] R. Doc. 28 at ¶ 4; R. Doc. 29-1 at ¶ 4.
[64] R. Doc. 28 at ¶ 6; R. Doc. 29-1 at ¶ 6.
[65] R. Doc. 28 at ¶ 7; R. Doc. 29-1 at ¶ 7.
[66] R. Doc. 29.
[67] R. Doc. 29-1.

allegations of Plaintiff's state court petition to establish certain uncontested material facts. Allegations in Plaintiff's petition that are uncontested by Defendants are deemed "admissions." Rule 56(c)(1)(A) specifies that other parts of the record may be considered on summary judgment—such as admissions. The materials still must be admissible, which admissions generally are.[68]

## LAW AND ANALYSIS

### I.      Summary judgment is granted as to the claims against Prop Flying.

Defendant Prop Flying moves for summary judgment as to Plaintiff's claims of negligence against it for (1) failing to properly maintain the plane and (2) any other acts of negligence[69] because, it argues, Plaintiff is "unable to offer evidence to establish . . . his claims of negligence" against Defendant Prop Flying.[70]

In terms of the first claim of negligence for failing to properly maintain the plane, in his opposition to the instant motion Plaintiff concedes that "[m]ore than twenty months have passed since this tragic crash occurred, and the parties have yet to discover any evidence that this crash occurred for reasons other than Mr. El-Aazami's [own] negligen[ce] and fail[ure] to maintain control of the aircraft after takeoff . . . . Additionally, there has been no evidence that some mechanical failure [whether due to design or maintenance] of a component of the airplane caused the crash."[71] Instead, Plaintiff contends pilot error is the last-standing cause of the accident.[72] By Plaintiff's own admission, then, there is no basis for a claim of negligence against Defendant Prop Flying

---

[68] FED. R. CIV. P. 56(c)(1)(A).
[69] R. Doc. 1-2 at p. 7, ¶ 12.
[70] R. Doc. 23-1 at p. 3.
[71] R. Doc. 29 at p. 3.
[72] *Id.*

for failing to properly maintain the plane. Prop Flying is entitled to summary judgment on this claim of negligence.

In terms of the second claim of negligence—a catch-all claim for "any other acts of negligence"—again, Plaintiff admits in his opposition to the instant motion that the only evidence of negligence is pilot error on the part of Omar El-Aazami.[73] As such, the same outcome reached as to Plaintiff's first claim of negligence must be reached on his catch-all claim of negligence, as well. There is no basis, by Plaintiff's own admission, for a claim of negligence against Defendant Prop Flying because all the evidence, or the lack thereof, points to pilot error being the sole cause of the accident.

Plaintiff argues in his opposition to the instant motion "[i]f [the pilot's] relationship with Prop Flying, LLC is such that he could be considered an employee or agent thereof, the[n] Prop Flying, LLC would be [additionally] liable for the actions of the pilot."[74] "As a preliminary matter, the Court must determine whether a vicarious liability claim is sufficiently pleaded to be properly before the Court"[75] because the United States Court of Appeals for the Fifth Circuit in *Cutrera v. Board of Supervisors of Louisiana State University* held "[a] claim which is not raised in the complaint but, rather, is only in response to a motion for summary judgment is not properly before the court."[76]

*Cutrera* involved a wrongful termination action instituted by a university employee who suffered from macular degeneration.[77] On summary judgment, the district court summarily entered final judgment as to the plaintiff's First Amendment retaliation

---

[73] *Id.*
[74] R. Doc. 29 at p. 13 (contending "Defendants have not provided any evidence as to the relationship between these parties.").
[75] *Sashington v. Georgia-Pacific, LLC*, 2018 WL 4489294 *9 n.4 (E.D. La. 9/19/2018).
[76] *Cutrera v. Bd of Sup'rs of Louisiana State U.*, 429 F.3d 108, 113 (5th Cir. 2005) (citing *Fisher v. Metropolitan Life Ins. Co.*, 895 F.2d 1073, 1078 (5th Cir. 1990)).
[77] *Id.* at 113.

claim under 18 U.S.C. § 1983 because the claim was made in opposition to summary judgment—not in the plaintiff's complaint.[78] On appeal, the Fifth Circuit affirmed the district court's grant of summary judgment because a plaintiff may not rely on new claims raised for the first time in an opposition to defeat a motion for summary judgment.[79] This is "well-settled law in the Fifth Circuit."[80]

Applying that well-settled rule to the case at bar, a careful review of Plaintiff's state court petition reveals he did not allege Prop Flying is liable based on vicarious liability or respondeat superior.[81] Only in Plaintiff's opposition to summary judgment does he allude to these bases of liability, while also acknowledging he lacks evidence to establish the nature of the relationship between Prop Flying and the pilot.[82] During the pendency of the instant litigation (well over a year), Plaintiff did not once seek leave to amend his complaint to assert this argument. To allow Plaintiff to amend his complaint now—less than a month from trial and in response to a motion for summary judgment—or otherwise expand his pleadings, would result in undue delay of this action and significant prejudice to Defendants.[83] As such, Plaintiff will not be allowed to assert liability against Prop Flying based on vicarious liability or respondeat superior.[84]

In sum, based on the allegations in Plaintiff's petition and his own admission in his opposition to the instant motion, there is no evidence whatsoever of negligence on the

---

[78] *Id.*
[79] *Id.*
[80] *Adams v. Columbia/HCA of New Orleans*, 2022 WL 1909409 *7 n.1 (E.D. La. 6/3/2022).
[81] *See generally* R. Doc. 1-2*; see in particular* R. Doc. 1-2 at p. 7, ¶ 12.
[82] R. Doc. 29 at p. 13.
[83] *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005) (one factor to consider under Rule 15(a) is "undue delay . . . by virtue of allowance of the amendment." Another is prejudice to the other side.).
[84] *Cutrera*, 429 F.3d at 113.

part of Defendant Prop Flying. As a result, Prop Flying is entitled to summary judgment on all claims of negligence brought against it.

## II.     Summary judgment is granted in part and denied in part as to the claims of negligence lodged against the Estate of the Pilot.

The Estate of the Pilot moves for summary judgment as to Plaintiff's claims of negligence against it for the pilot's (1) failure to properly maintain the plane; (2) failure to undergo proper training, (3) failure to ensure that he was medically fit to pilot the plane, (4) failure to ensure the safety of his passenger, and (5) for any other acts of negligence.[85]

### A.     Plaintiff concedes there is no basis for his claims of negligence against the pilot for failing to properly maintain the plane, undergo proper training, or ensure that he was medically fit to pilot the plane.

As to Plaintiff's first three claims based on negligence of the pilot—failing to properly maintain the plane, undergo proper training, and ensure he was medically fit—Plaintiff has acknowledged there is no evidence of these alleged acts of negligence. Specifically, Plaintiff admits in his statement of uncontested facts "[t]here is no evidence that Omar El-Aazami had any medical emergency or was in any way medically incapacitated prior to the Cessna striking the ground."[86] Further, Plaintiff's opposition to the instant motion states "[t]here has been no evidence suggesting that a mechanical failure, whether due to design, maintenance or prior repair of the Cessna played any role in the crash. . . . The flight history, and lack of evidence to the contrary, strongly infers pilot error as the cause of the crash."[87] Likewise, according to the Plaintiff, there is no

---

[85] R. Doc. 1-2 at p. 7, ¶ 12.
[86] R. Doc. 29-1 at p. 3, ¶ 10.
[87] R. Doc. 29 at p. 10.

evidence of a failure to undergo proper training by the pilot.[88] Accordingly, Defendant Omar El-Aazami is entitled to summary judgment on these three claims of negligence brought against him.

> **B.    As to the last two claims of negligence against the pilot through his Estate, Plaintiff is entitled to a *res ipsa* jury instruction.**

Plaintiff's last two claims of negligence of the pilot—failing to ensure the safety of his passenger and for any other acts of negligence[89]—effectively boil down to a claim of pilot error. Under Louisiana law, a plaintiff must prove the following to recover on a claim of negligence: (1) the defendant had a duty to conform his conduct to a specific standard of care, (2) the defendant failed to conform his conduct to the appropriate standard of care, (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries, (4) the defendant's substandard conduct was the legal cause of the plaintiff's injuries, and (5) actual damages.[90] Defendant argues Plaintiff is unable to establish the second element of negligence on his claims against the pilot for failure to ensure the safety of his passenger and any other claims of negligence (i.e., pilot error) because there is no direct evidence of a breach of the duty of care owed by the pilot to his passenger, Jan Villemarette.[91] The parties agree Plaintiff has only circumstantial evidence to prove the pilot failed to conform his conduct to the appropriate standard of care.[92] However, the

---

[88] *Id.* at p. 13.

[89] R. Doc. 1-2 at p. 7, ¶ 12.

[90] *In re W. Feliciana Acquisition, LLC*, 744 F.3d 352, 359-60 (5th Cir. 2014); *Lemann v. Essen Lane Daiquiris, Inc.*, 2005-1095 (La. 3/10/06), 923 So.2d 627, 633.

[91] R. Doc. 23-1 at pp. 5-6 ("there is simply no evidence to support the existence of the second element of Plaintiff's negligence claim").

[92] R. Doc. 23-1 at p. 6 ("Given the absence of any such [direct] evidence, Defendants anticipate that Plaintiff will rely on the doctrine of *res ipsa loquitur* . . ."); *see also* R. Doc. 29 at p. 1 (Plaintiff acknowledging that Defendant's motion for summary judgment argues Plaintiff is unable to establish the second element of negligence, instead asserting *res ipsa* should apply).

parties disagree as to whether the Plaintiff is entitled to have the jury instructed as to the doctrine of *res ipsa loquitur*.

"Negligence on the part of the defendant may be proved by circumstantial evidence *alone* when" the doctrine of *res ipsa loquitur* applies.[93] Under Louisiana law, four conditions must exist before a *res ipsa* jury instruction will given: (1) there is an absence of direct evidence; (2) the accident is of a kind that does not ordinarily occur in the absence of negligence; (3) the circumstantial evidence sufficiently excludes other causes of negligence, except the defendant's; and (4) the negligence of the defendant falls within the scope of his duty to the plaintiff.[94] On the instant motion for summary judgment, Defendant argues Plaintiff is unable to establish the second and third elements of *res ipsa loquitur*.[95]

In terms of the second element of *res ipsa*, Defendant argues "Plaintiff cannot offer evidence that the circumstances of this case are such that the accident would not have occurred without negligence. It is not enough for Plaintiff to point to the fact that an aircraft accident occurred. While *res ipsa loquitur* may be applied to aviation accidents under the appropriate circumstances, the burden remains on the plaintiff to establish that the circumstances of the case justify the application of the doctrine."[96]

In *Higginbotham v. Mobil Oil Corporation, et al.*,[97] the Fifth Circuit, applying Louisiana law to a wrongful death suit involving a helicopter crash, held that, in terms of the requirement that "the mishap is of the type that ordinarily does not occur in the

---

[93] *Cangelosi*, 564 So.2d at 665 (emphasis in original).
[94] *Linnear*, 966 So.2d at 42.
[95] *See* R. Doc. 23-1 at pp. 6-8.
[96] R. Doc. 23-1 at p. 7.
[97] 545 F.2d 422 (5th Cir. 1977). While *Higginbotham* was decided before *Cangelosi* and *Linnear*, the discussion of the requirements of *res ipsa*, in substance, tracks the requirements as outlined in *Cangelosi* and *Linnear*. Accordingly, the Court finds *Higginbotham* relevant to its analysis.

absence of negligence,"[98] "[r]es ipsa loquitur is a rule based on human experience and its application to a particular situation must necessarily vary with human experience. A situation to which the doctrine was not applicable a half century ago because of insufficient experience or lack of technical knowledge, might today fall within the scope of the rule, depending upon what experience has shown."[99] The court went on to explain that, historically, "air travel perhaps still seemed so inherently risky that people generally believed that aviation accidents could and did occur without human or mechanical failure."[100] However, the Fifth Circuit concluded "experience now teaches otherwise" because "[m]ajor improvements in design and manufacturing technology, in pilot training, and in ground control, communications, and navigations aids, among other things, have combined to give air travel an estimable safety record."[101] As a result, the Fifth Circuit held that, while there was no blanket rule that all aircraft crash cases satisfied the second *res ipsa* requirement, aircraft cases certainly could fit the bill depending on the circumstances.[102] As a result, the applicability of the doctrine of *res ipsa loquitur* must be decided in light of the facts of each case.[103]

Applied to the case at bar, Plaintiff attaches as exhibits to his opposition to the instant motion evidence that establishes the aircraft took off on an October day in Houma, Louisiana, where the temperature was around 70 degrees, winds were at gusting at 13 knots, and visibility was seven miles ahead.[104] Soon after taking off, though, the plane

---

[98] *Id.* at 429.
[99] *Id.* (internal quotations omitted).
[100] *Id.*
[101] *Id.*
[102] *Id.* at 430.
[103] *Id.*
[104] R. Doc. 29-4.

began a steady descent, still while increasing its speed.[105] Unidentified air traffic controllers at the Houma-Terrebonne Airport report having heard heavy breathing for approximately 60 seconds over the radio around the time the plane began to descend.[106] The aircraft's last reported position was at an altitude of 725 feet traveling at a speed of 219 miles per hour, just southwest of Houma.[107]

Ordinary experience and common sense—the standard employed by the Louisiana Supreme Court[108]—tells us that an aircraft does not ordinarily fall out of the sky while increasing its speed in the absence of negligence. Who was negligent must be sufficiently narrowed by Plaintiff, but that narrowing process is the subject of the third element of *res ipsa*, not the second.[109] The second element of *res ipsa* is meant to weed out ordinary accident cases.[110] Given the surrounding facts of the aircraft accident, the Court concludes this is no "ordinary accident" case. Reasonable minds could not differ that "in light of ordinary experience . . . an inference [may be drawn] that someone must have been negligent."[111] Accordingly, the second element of *res ipsa* is met, and the Court "moves on to analyze the next requirement."[112]

In terms of the third element of *res ipsa*, the Defendant acknowledges that Plaintiff has excluded weather as the cause of the accident[113] and that, discovery being closed, there is no evidence of mechanical failure.[114] Plaintiff contends there is no evidence of any

---

[105] R. Doc. 29-2.
[106] R. Doc. 28 at ¶ 4; R. Doc. 29-1 at ¶ 4.
[107] R. Doc. 29-2 (190 knots at groundspeed is equivalent to approximately 219 miles per hour).
[108] *Cangelosi*, 564 So.2d at 666.
[109] *Linnear* , 966 So.2d at 45.
[110] *Cangelosi*, 564 So.2d at 666.
[111] *Id.*
[112] *Linnear*, 966 So.2d at 44 n.5.
[113] R. Doc. 32 at p. 7.
[114] *Id.* at p. 6.

medical issue suffered by the pilot, so the only cause of the accident left is non-medically related pilot error.[115] Defendant, in turn, argues Plaintiff has not sufficiently excluded the medical condition of the pilot as the cause of the accident, because "the evidence shows that prior to the accident, personnel at the airport reported hearing an 'open mic' with heavy, rapid breathing on the tower frequency for approximately 60 seconds before the aircraft's microphone stopped transmitting, and the tower personnel were thereafter unable to contact the pilot over the radio."[116] According to Defendant, "this evidence suggests the possibility that the pilot, El-Aazami, may have experienced a medical issue that led to the crash."[117] In support of these contentions, Defendant relies on *Sievers v. Beechcraft Mfg. Co.*[118] and *Kramer v. Petroleum Helicopters, Inc.*[119]

In *Sievers*, the surviving spouse of a pilot brought a suit against an aircraft manufacturer after her husband was killed while piloting an aircraft.[120] The surviving spouse alleged the last-standing cause of the accident after discovery was a manufacturing defect with the aircraft.[121] The aircraft manufacturer disagreed, pointing to the "reasonable and plausible" possibility that the pilot himself could have "been negligent in the operation of the aircraft or could have been negligent in permitting one of his passengers to operate the aircraft."[122] In an effort to "sufficiently exclude" pilot error as the cause of the accident, the surviving spouse argued "[p]ilot error can be eliminated because [the pilot] was an experienced pilot."[123] This was the extent of the plaintiff's

---

[115] R. Doc. 29-1 at p. 3, ¶ 10.
[116] R. Doc. 23-1 at pp. 7-8.
[117] *Id.* at p. 8.
[118] 497 F. Supp. 197 (E.D. La. 7/18/1980).
[119] 999 So.2d 101 (La. App. 3rd Cir. 2008).
[120] 497 F. Supp. at 198.
[121] *Id.* at 203.
[122] *Id.* at 202.
[123] *Id.* at 203.

evidence excluding pilot error. On summary judgment brought by the aircraft manufacturer, the court determined this alone did not "sufficiently exclude" pilot error as the cause of the accident because even experienced pilots can make errors.[124] On that basis, the court concluded "[t]he likelihood of other causes, specifically pilot error, has not been sufficiently reduced so that the fact finder may reasonably conclude . . . that the fault is attributable to [the aircraft manufacturer]."[125] The court granted summary judgment.

Similarly, in *Kramer*, the surviving spouse of a pilot brought suit against a helicopter manufacturer after her husband was killed when the helicopter he was piloting crashed.[126] The plaintiff alleged the crash occurred when the pendulum weight mounted to one of the helicopter's four rotor blades detached due to internal material fatigue.[127] The plaintiff had no direct evidence that this was the cause of the accident, only circumstantial, thus she relied on the doctrine of *res ipsa loquitur*.[128] At the close of trial, the defendant moved for involuntary dismissal because, *inter alia*, the plaintiff had not sufficiently excluded all other causes of the accident, except the defendant's negligence. Accordingly, the helicopter manufacturer argued an instruction to the jury that it was allowed to infer negligence was not permitted.[129] In terms of what that "other cause" might have been, trial witnesses testified that "[t]he flight was at night, was conducted at an altitude that may have been as low as the tree tops, and in an area with rolling terrain."[130] Given that altitude, rolling terrain, and testimony from an expert at trial that

---

[124] *Id.*
[125] *Id.*
[126] 999 So.2d at 103.
[127] *Id.*
[128] *Id.* at 104.
[129] *Id.* at 109-10.
[130] *Id.* at 110.

"spatial disorientation . . . can prevent a pilot from recognizing that the craft is descending rather than ascending,"[131] the court concluded pilot error was just as plausibly the cause of the accident, and that the plaintiff had not sufficiently excluded it.[132] Accordingly, involuntary dismissal was granted, and, on appeal, the trial court was affirmed.[133]

Certainly, the Court agrees with the holdings in *Sievers* and *Kramer* that a plaintiff must sufficiently exclude all other equally plausible causes of the accident, other than the Defendant's negligence, to satisfy the third element of *res ipsa loquitur*. Still, under Louisiana law, Plaintiff is not required to *totally exclude* all other causes of the accident.[134] Instead, the circumstantial evidence must "*sufficiently*" exclude an inference of Plaintiff's own negligence or the negligence of others, such that the factfinder may reasonably conclude that the fault of the accident, if any, is attributable to the pilot.[135] Faced with Defendant's argument that heavy breathing is indicative of a medical condition of the pilot that could have caused the accident, Plaintiff points to the coroner's autopsy report,[136] which, by Defendant's own admission, lends itself to a conclusion that the coroner "found no evidence of recent medical or surgical treatment or physical injury, that the coroner did not make note of any conditions that he cited as being a possible cause of the accident, and that the cause of [the pilot's] death was blunt chest trauma and other traumatic injuries."[137] Accordingly, *Sievers* and *Kramer* are both factually inapposite to the case at bar. Unlike in *Sievers*, where the only evidence excluding pilot error as the cause of the accident was an "illogical assumption" that experienced pilots do not make errors, in this

---

[131] *Id.*
[132] *Id.*
[133] *Id.* at 111.
[134] *Linnear*, 966 So.2d at 42; *see also Cangelosi*, 564 So.2d at 666.
[135] *Linnear*, 966 So.2d at 42; *see also Cangelosi*, 564 So.2d at 666.
[136] *See* R. Doc. 29-1.
[137] R. Doc. 32 at p. 8.

case, Plaintiff has an autopsy report from the coroner to support exclusion of the pilot's medical issue as a cause of the accident. Moreover, not only was *Kramer* decided after the conclusion of trial when the court was able to hear all evidence and testimony, but the plaintiff in *Kramer* had no evidence to sufficiently exclude the manufacturer's evidence—which was more concrete than 60 seconds of heavy breathing—that suggested pilot error was likely the cause of the accident.

Reasonable minds could differ as to whether Plaintiff has sufficiently excluded all other as likely or more likely causes of the accident besides pilot error. On the basis of the evidence presented, a jury could find that the autopsy report sufficiently assuages concerns that something other than pilot error was the true cause of the accident. On the other hand, a jury could reasonably find that heavy breathing is indicative of the pilot having a medical issue. Where reasonable minds could differ as to the outcome of an element of *res ipsa*, the element is deemed satisfied under Louisiana law, "and it is the function of the jury to decide whether to draw the inference or not."[138]

In sum, Defendant only attacks Plaintiff's ability to establish the second and third elements of *res ipsa* loquitur.[139] As to the second element of *res ipsa*, this accident is of a kind that does not ordinarily occur in the absence of negligence. As to the third element, reasonable minds could differ as to whether Plaintiff has sufficiently excluded likely causes of the accident other than pilot error. Thus, under Louisiana law, the jury will be allowed to, though it may decide not to, infer a breach of the duty of care. Accordingly, as to Plaintiff's claims of negligence against the Estate of Omar El-Aazami through its Administrator Adam Ziad El-Aazami for pilot error, summary judgment is **DENIED**.

---

[138] *Linnear*, 966 So.2d at 42; *see also Cangelosi*, 564 So.2d at 666-67.
[139] *See* R. Doc. 23-1 at pp. 6-8.

<u>**CONCLUSION**</u>

**IT IS ORDERED** that the motion for summary judgment is **GRANTED** as to all claims against Prop Flying.

**IT IS FURTHER ORDERED** that the motion for summary judgment is **GRANTED IN PART AND DENIED IN PART** as to claims against the Estate of the Pilot. Summary judgment as to Plaintiff's claims against the Estate of the Pilot based on failure to properly maintain the aircraft, failure to undergo proper training, and failure to ensure medical fitness before piloting the aircraft are **GRANTED**. Summary judgment as to Plaintiff's claim against the Estate of the Pilot based on other pilot error is **DENIED**.

**IT IS FURTHER ORDERED** that the motion for summary judgment is **GRANTED IN PART AND DENIED IN PART** as to Starr Indemnity & Liability Company. Summary judgment is **GRANTED** to the extent it insured Prop Flying, but **DENIED** to the extent it insured the pilot for pilot error.

**New Orleans, Louisiana, this 9th day of August, 2022.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**